## PATHIS, ESTATE OF, IN RE.

Probate Court of Franklin County.

No. 122,206.   Decided March 5th, 1947.

Joseph G. Rotondo and John J. Chester, Columbus, for exceptor.

W. B. Cockrell, for surviving partner.

### OPINION

By McCLELLAND, J.

This matter came on to be heard upon the exceptions filed by the widow and administratrix to the Inventory and Appraisement of the partnership in which the decedent had a one-half interest.  The widow claims that the partnership was appraised too low.

At the outset of the hearing on the exceptions the question was raised as to the jurisdiction of the Probate Court in

118

the matter, in view of the fact that the articles of co-partnership make certain provisions in case of the death of either partner. In connection with these provisions counsel calls our attention to §8092 GC.

The provisions in the articles of co-partnership with reference to the death of either partner are very short and indefinite. The articles merely provide that, upon the dissolution of the partnership by death, the surviving partner shall have the right within the six months period following the death to purchase the interest of the other partner, after a proper appraisal and inventory of the business has been made, and before such interest can be sold to a third party.

Since the articles of co-partnership in no way dispose of the interest of the deceased partner, that is the actual one-half interest in the business or its value in money, upon the death of the partner, the value of the deceased partner's interest becomes a matter of concern for the Probate Court as an asset of the deceased partner's estate, to be accounted for by the administratrix and distributed according to law. This being the case it is necessary for the administratrix to have a proper appraisement of the interest of the deceased partner.

In this case the surviving partner and the administratrix arranged for and had the inventory and appraisement made and filed in this court. Having the appraisement made was a compliance with the articles of co-partnership. They also complied with §8085 GC, in having the appraisers appointed by the Probate Court, and the inventory and appraisement was filed by the surviving partner in the Probate Court.

Now no objection was made to the appointment of the appraisers but the value which the appraisers fixed is objected to. Since the appraisers are under the jurisdiction of the Probate Court, having been appointed by him, he has the right and duty to review the actions of his appraisers when their judgment is questioned upon exceptions being filed to the appraisement. It is the courts duty to see that this asset of the decedent's estate is appraised at its true value in money for the protection of those interested in the estate, and those interested in the estate are entitled to a fair and impartial appraisement.

Since the administratrix, who is also the widow, agreed with the surviving partner as to the method used in making a proper appraisement and inventory, the articles of co-partnership being silent as to the method to be employed, and since they chose the method provided for in §8085 GC, the widow cannot now be permitted to object to the method of

appraisement which she agreed to. Since they chose to rely upon this method for the appraisement of the partnership, and since this court has jurisdiction under §8085 GC, in the appraisement of a partnership upon the death of one of the partners, this court, by virtue of §10501-53 GC, has ample jurisdiction to dispose of the matter, as its power is not expressly otherwise limited or denied by statute. In other words, since they immediately referred the matter of appraisement to the Court, and since this Court has ample jurisdiction in partnership appraisements, we hold that this court has the jurisdiction in this case to fix the value of the interest of the deceased partner, both in accordance with §8085 GC, and also in accordance with the terms of the articles of co-partnership.

While we are satisfied that what we have heretofore said disposes of the question of jurisdiction here presented, we cannot refrain from stating further that it is our opinion that §8092 GC, has no application in this case, as the conditions specified in the section upon which its operation depends do not exist. The articles of co-partnership do not dispense with an inventory and appraisement of the partnership assets and neither do they dispense with a sale of the deceased partner's interest therein. On the other hand, the provisions of §8085 GC, are mandatory in any case that does not come within the provisions of §8092 GC, as the statute says that the surviving partner shall forthwith make application to the Probate Court to have the appraisement made. And §8088 GC, provides that if the surviving partner neglects to have the inventory and appraisement made, the administrator must have it made.

Counsel has cited the case of **Steigert v Steigert, 57 Oh Ap 255,** as authority for his contention that it is the Common Pleas Court and not the Probate Court that has the jurisdiction in this matter. The facts in that case are entirely different. There the articles of co-partnership provided that upon the death of either partner his interest in the partnership belonged to the survivor. There the interest of the deceased partner passed by contract to the survivor and the administrator could claim no interest therein, unless partnership creditors were involved. The surviving partner sued in the Common Pleas Court to recover assets of the partnership from the administratrix. No question concerning the inventory and appraisement of the partnership was involved. In that case doubt arose as to the jurisdiction of the Common Pleas Court by reason of the provisions of §8085 GC et seq., conferring jurisdiction upon the Probate Court. The court, after citing §§8085 and 8092 GC, stated that it would not attempt to con-

strue the latter section beyond the necessities of the specific facts of that case. That court merely stated that it seemed to them that the Common Pleas Court had jurisdiction to enforce the contract. It further stated that "under such circumstances the particular statutory proceedings in the Probate Court would be inapplicable and the partnership affairs would 'be settled and disposed of in accordance with the provisions of such articles or will'. "